

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:25-cr-00650 |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) No. | Magistrate Judge Gabriel A. Fuentes |
| | ) | RANDOM / Cat. 3 |
| KANEASHA TWYMAN | ) | Violations: Title 18, United States |
| | ) | Sections 1001(a)(2) and 1343 |
| | ) | |

### COUNT ONE

The SPECIAL MAY 2024 GRAND JURY charges:

1. At times material to this Indictment:

   a. The United States Department of Housing and Urban Development ("HUD") was an executive department of the United States government, which administered housing assistance. HUD administered housing assistance through, among other things, funding and regulating state and local entities known as public housing agencies (PHAs), which administered the housing assistance programs.

   b. The Chicago Housing Authority (CHA) was the PHA in Chicago, Illinois, charged with administering HUD housing assistance in the Chicago area. The CHA performed this function in several ways, including The Housing Choice Voucher Program (also known as the "HCV Program" or "Section 8"), in which HUD funded vouchers for eligible individuals to pay or reduce the rent for a private property, and the CHA paid the private landlord the amount of the voucher.

    c. To participate in the HCV Program, applicants were required to complete and sign an application which required them to disclose their income and certify their economic eligibility. Applicants approved for housing assistance became recipients and were required to recertify their economic eligibility for assistance approximately every two years by completing an Application for Continued Eligibility ("ACE"). Information about the applicant's income was material to the CHA's determination of an applicant's eligibility to participate in the HCV Program.

    i. The ACE required recipients to disclose all of their income, to certify that the information provided was accurate and complete to the best of their knowledge, and to acknowledge that false statements or information were punishable under federal law. The ACE warned recipients that Title 18, United States Code, Section 1001, states that a person who knowingly and willfully makes false and fraudulent statements to any department or employee of the United States, HUD, a Public Housing Authority or Property Owner may be subject to penalties that include fines and/or imprisonment.

    ii. Housing assistance recipients who claimed zero income were required to fill out a Zero Income Affidavit on initial application and at each recertification in addition to the ACE. In the Zero Income Affidavit, the recipient affirmed that they did not have or receive any income, including wages and salaries. The Zero Income Affidavit warned applicants that Title 18, United States Code, Section 1001, states that a person is guilty of a felony for knowingly and willingly making false or fraudulent statements to any department or representative of the

United States government. Recipients who claimed zero income were required to report any income to the CHA within 30 days of receiving it rather than waiting for the next recertification.

    d.    Defendant KANEASHA TWYMAN was a participant in the CHA HCV Program as a zero-income recipient and received a voucher for monthly rent assistance funded by HUD, from on or about December 19, 2014, and continuing until on or about March 31, 2023, requiring recertification every two years and requiring further that TWYMAN, as a zero-income recipient, report any change in income to the CHA within 30 days.

    e.    Between on or about May 16, 2018, and continuing through on or about May 17, 2023, TWYMAN was employed by the City of Chicago as a firefighter, receiving income in the form of a salary plus payments for overtime work.

    2.    Beginning no later than in or around June 2018, and continuing through at least in or around May 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

KANEASHA TWYMAN,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and funds owned by and under the custody and control of, HUD and the CHA, by means of materially false and fraudulent pretenses, representations and promises, as further described below.

3. It was part of the scheme that from on or about May 16, 2018, to on or about May 17, 2023, defendant TWYMAN was employed by the City of Chicago as a firefighter, but failed to report her income from this employment to the CHA.

4. It was further part of the scheme that TWYMAN signed and submitted to the CHA recertification ACEs for continued housing assistance eligibility which purported to include all of her income, but in which TWYMAN knowingly failed to include her income from the City of Chicago.

5. It was further part of the scheme that TWYMAN signed and submitted to the CHA Zero Income Affidavits for recertification for housing assistance eligibility, affirming that she did not have or receive any income, on which TWYMAN knowingly failed to report her income from the City of Chicago.

6. It was further part of the scheme that on or about November 10, 2022, after the CHA advised TWYMAN that records showed she had received income from the City, TWYMAN sent the CHA a letter by email, in which she falsely denied that she was employed by the City of Chicago.

7. It was further part of the scheme that on or about November 17, 2022, after the CHA requested a clarification from TWYMAN regarding why records showed she had received income from the City, TWYMAN sent the CHA an email, dated November 17, 2022, in which she falsely represented that she had never been hired by the City of Chicago.

8. It was further part of the scheme that on or about February 15, 2023, after being notified that the CHA intended to terminate her housing assistance

effective April 1, 2023, TWYMAN requested a hearing to keep her CHA housing assistance, falsely denying that the accusation that she was employed.

9. It was further part of the scheme that on or about May 17, 2023, in an effort to keep receiving CHA housing assistance, TWYMAN testified falsely under oath at a CHA hearing that she had never been employed by the City of Chicago and had no income.

10. It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purpose of the scheme, and acts done in furtherance of the scheme.

11. On or about October 20, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

KANEASHA TWYMAN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an interstate wire transmission from CHA to HUD a report of defendant's Application For Continued Eligibility, dated August 31, 2022, falsely stating that she had no wages, salaries or overtime payments from employment;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 10 of Count One are incorporated here.

2. On or about November 10, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

KANEASHA TWYMAN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an internet wire transmission by email of defendant's signed letter dated November 10, 2022, falsely stating that she was never hired by the City of Chicago, along with purported supporting documentation;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL MAY 2024 GGRAND JURY further charges:

1. The allegations of paragraph 1 of Count One are incorporated here.

2. On or about August 31, 2022, at Chicago, in the Northern District of Illinois, Eastern Division,

KANEASHA TWYMAN,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, when she stated in substance that she did not have or receive any income;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY